E. O. MONTGOMERY, Appellee, v. DAN O'DONNELL et al., Appellants.

**TRIAL:** Instructions—Form, Requisites and Sufficiency—Failure to Submit Uncontested Issue—Brokers. Failure to submit an issue, the truth of which was clearly shown by the evidence and fully conceded on the trial, is not error. So held where, in an action by

a broker for commission, the court did not submit to the jury the question *whether a sale was actually made*, such question being uncontested, the sole contention being that the broker did not find such purchaser.

**BROKERS:    Commission—When Earned—"Introducing"    Friends.**
2    An owner of land who employs a broker to "introduce" to him prospective buyers of land, may not deny the broker's right to a commission because the one "introduced" was already a personal friend of the owner, the "introduction" being for the purpose of bringing the parties together to negotiate a sale.

**BROKERS:    Compensation—"Customary"    as    Synonymous    with**
3    **"Reasonable."**    A petition declaring on a broker's contract for the *customary* compensation is met, in the absence of other testimony on the question, by evidence of the *reasonable* value of the services.

**NEW TRIAL:    Grounds—Bias of Juror.**    The fact that a defendant
4    had, some seven years prior to the trial, been a member of a grand jury which had returned an indictment against the juror in question, shows no such bias as to disqualify the juror and demand a new trial, when the defendant did not recall such fact until after the trial, and the juror did not know, until after the trial, that the defendant had been a member of such jury.

*Appeal from Polk District Court.*—W. S. AYRES, Judge.

THURSDAY, NOVEMBER 23, 1916.

ACTION at law to recover commission on the sale of real estate.    Judgment for plaintiff, and defendants appeal.— *Affirmed.*

*Neiman & Neiman,* for appellants.

*Dowell, McLennan & Zeuch,* for appellee.

WEAVER, J.—The substance of plaintiff's claim is as follows: Defendants are real estate agents, doing business in Des Moines, and had a room or office at a hotel of which plaintiff was clerk. He alleges that he entered into an agreement with defendants by which he undertook to introduce to

them prospective purchasers of land, and, as compensation therefor, defendants promised to pay him "a good commission" on all sales which they might make to persons so brought to them. He further alleges that in pursuance of such contract he introduced to them one McLaughlin as a person desiring to purchase land, and that as a result thereof defendants did sell to such purchaser a farm, on which they earned or obtained from the seller a commission of $520. On the trial, he introduced evidence tending to show the truth of said allegations, also other evidence by real estate dealers to the effect that the customary compensation paid by agents in that business to subagents or persons employed to bring in or introduce buyers, was from one fourth to one third of the commissions received by the principal agents. The defendants deny the claim generally. As witnesses on the trial, they do not deny having such an agreement with plaintiff, but do deny that he introduced McLaughlin. They further swear that McLaughlin was an old acquaintance and friend of one of them, and that said parties happened to meet at the hotel, where they renewed the acquaintance without any introduction by or aid from the plaintiff, who had no hand whatever in the subsequent sale of the land. The issues were tried to a jury, and verdict returned in plaintiff's favor for $165; and from the judgment entered thereon, this appeal has been taken.

I. The first alleged error upon which a reversal is asked by the appellants is that the court failed to state to the jury fully and specifically the facts which must be shown,

1. TRIAL: instructions: form, requisites and sufficiency: failure to submit uncontested issue: brokers.

to entitle plaintiff to recover. The specific criticism is that, while saying to the jury that the burden was on plaintiff to prove the agreement pleaded in the petition, and that plaintiff was the means of bringing the purchaser McLaughlin to the defendants, the court failed to state that plaintiff must also prove that defendants did effect

a sale to McLaughlin. It is true that this element of plaintiff's case was omitted from the formal statement in the instruction, but the omission was not prejudicial, because the testimony shows without dispute that defendants did make a sale to McLaughlin, and the question contested was simply whether plaintiff introduced the buyer, and, if so, what was the amount due him for his services? In other words, the sale was taken as conceded, the real question being over the question whether plaintiff had any agency in bringing it about. No request was made by the defendants for a more specific instruction to the jury. Taking the instruction as a whole, it fairly states the law, and the jury could not have been in any manner misled. The assignment of error thereon cannot be sustained.

II.   The court told the jury that, while the prior acquaintance of McLaughlin was a matter which could be considered as bearing upon the question whether plaintiff did in fact produce McLaughlin to them as a prospective purchaser, it was otherwise immaterial, and this, appellants say, was erroneous, because the word "introduce," as used by the parties, means the bringing together of strangers to each other. This is based largely upon the fact that plaintiff, upon cross-examination, was led to so define the word. The instruction challenged is correct. To introduce a buyer to a seller is to bring the parties together for the purpose of effecting a sale, or to give opportunity for negotiation to that end; and, even though such parties may be personal acquaintances or friends, yet, if the meeting between them, for the purpose of giving one an opportunity to sell or the other an opportunity to buy, is brought about by the influence or suggestion of a third person, he may fairly be said to have "introduced" them, within the meaning of such contracts as the one declared upon in this case.

2. BROKERS: commission: when earned: "introducing" friends.

III.   It is further argued that the court directed the jury that, if they found for the plaintiff, he was entitled to

recover the reasonable value of his services, when the allega-
tion of the petition is that he was to have the

3. BROKERS: com-
pensation: "cus-
tomary" as syn-
onymous with
"reasonable."

"customary" compensation paid in such
cases. That "custom," in the technical, legal
sense of the word, is not the same as
"reason," and that an act or rule may be customary, while
lacking in reasonableness, is to be admitted; but it is very
clear in this case that the petition, in asking compensation for
the plaintiff such as is "customary among real estate agents
in the city of Des Moines," makes use of these words in their
more popular, if less technical, sense, as meaning such com-
pensation as is ordinarily and usually paid for services of
the kind he claims to have rendered. In the absence of other
testimony bearing on the question, proof of what is usually
and ordinarily paid for a given service is sufficient evidence
on which the jury may find its reasonable value, and such is
the effect of the instruction. We think it correct.

IV. In support of a motion for a new trial, it was shown
that one George W. Shope was drawn as a juror, and served
on the trial of this case. On his examination before being

4. NEW TRIAL:
grounds: bias of
juror.

accepted as a juror, he answered that he did
not know the defendants, and was without
bias or prejudice as between the parties.
After the trial was over and verdict returned, the defendant
O'Donnell discovered that, at a time some seven years prior
to this trial, he had served as a member of a grand jury
which returned an indictment against Shope on the charge of
conspiracy. He further says that this objection to the juror
was not raised earlier because he did not know or recognize
him, and because his "memory failed to connect the said
Shope with the indictment." In resistance to the motion,
defendants filed the affidavit of Shope, who admits that he
was indicted at the time spoken of, and afterwards was tried
on the charge and acquitted. He further says that, when
chosen as a juror in this case, he did not know O'Donnell
or know that he had been a member of the grand jury return-

ing such indictment, nor did he have any such knowledge or information until his attention was called thereto by the motion for a new trial. The court denied the motion and error is assigned thereon.

We find no error in the ruling. Even if the juror knew O'Donnell and knew him to have been a member of the grand jury returning the indictment, it would afford no ground for a new trial, unless, perhaps, it should further appear that, upon his examination for cause, he concealed the fact when a candid answer to the interrogatories put to him would have disclosed it. There is no conclusive presumption of law or fact that a man who has once been indicted, whether justly or unjustly, becomes and remains so biased or prejudiced against the individual grand jurors as to disqualify him for life for service on a trial jury in any cause in which any one of them may be interested.

V.   Question is raised as to the sufficiency of the evidence to support the verdict. There was a direct and irreconcilable conflict between the testimony of the plaintiff and that offered in behalf of the defendants. The question of veracity thus raised and the weight and value of the evidence on either side were for the jury alone, and we find nothing in the record to call for our interference.

The judgment of the district court is—*Affirmed*.

EVANS, C. J., DEEMER and PRESTON, JJ., concur.